IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SCOTT PURRONE, derivatively on behalf of ENVISION HEALTHCARE CORP., f/k/a ENVISION HEALTHCARE HOLDINGS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:17-cv-01472 Judge Campbell/Frensley |
| WILLIAM A. SANGER, et al., | ) ) | |
| Defendants, and | ) ) | |
| ENVISION HEALTHCARE CORP., | ) ) | |
| Nominal Defendant. | ) | |
| | | |
| RYAN SEVY, derivatively on behalf of ENVISION HEALTHCARE CORP., f/k/a ENVISION HEALTHCARE HOLDINGS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:17-cv-01550 Judge Campbell/Frensley |
| CHRISTOPHER A. HOLDEN, et al., | ) ) | |
| Defendants, and | ) ) | |
| ENVISION HEALTHCARE CORP., | ) ) | |
| Nominal Defendant. | ) | |

**[Caption Continued on Next Page]**

| | |
|---|---|
| SAM NOURANI, derivatively on behalf of ) | |
| ENVISION HEALTHCARE CORP., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-01570 |
| ) | Judge Campbell/Frensley |
| CHRISTOPHER A. HOLDEN, et al., ) | |
| ) | |
|     Defendants, and ) | |
| ) | |
| ENVISION HEALTHCARE CORP., ) | |
| ) | |
|     Nominal Defendant. ) | |

## ORDER

This matter is before the Court to address various motions to consolidate the above cases and appoint a lead plaintiff and lead counsel. On January 11, 2018, Plaintiffs Scott Purrone and Ryan Sevy filed a joint Motion to Consolidate Related Derivative Actions and Appoint Lead Counsel that proposed that Mr. Purrone and Mr. Sevy be named co-lead plaintiffs, and their respective attorneys co-lead counsel. Docket No. 21.[1] Two weeks later, Plaintiff Sam Nourani filed a document that is both a Response to the prior Motion to Consolidate and a Cross-Motion proposing that Mr. Nourani be named lead plaintiff and his attorneys lead counsel. Docket No. 22. Mr. Purrone and Mr. Sevy have filed a Response to Mr. Nourani's Cross-Motion. Docket No. 25.

## I. BACKGROUND

Envision Healthcare Corporation ("Envision") is a Delaware corporation headquartered in Nashville, Tennessee and engaged in the provision of healthcare services nationwide. The three Plaintiffs in the above-captioned cases allege that certain current and former officers and

---

[1] All docket numbers refer to documents in 3:17-cv-01472 unless otherwise noted. In most instances, the identical document has also been filed in 3:17-cv-01550 and 3:17-cv-01570.

2

directors of Envision breached their fiduciary duties, wasted corporate assets, and issued false and misleading proxy statements. All three Plaintiffs propose to undertake the instant litigation derivatively on behalf of Envision.

## II. ANALYSIS

### A. Consolidation of Cases

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
>
>> (1) join for hearing or trial any or all matters at issue in the actions;
>>
>> (2) consolidate the actions; or
>>
>> (3) issue any other orders to avoid unnecessary cost or delay.

Pursuant to Rule 42, the court has broad discretionary authority to consolidate cases, especially when consolidation will prevent the wasteful duplication of time, effort, and expense. *Horn v. Raines*, 227 F.R.D. 1 (D.D.C. 2005). Consolidation is appropriate where the costs of defending multiple actions may do serious harm to the corporation on whose behalf the litigation is brought. *Id.* at 2, *citing MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958).

Here, all Plaintiffs agree that these cases should be consolidated. *See* Docket No. 21, p. 3; Docket No. 22, p. 7-8. Mr. Purrone and Mr. Sevy also allege that Defendants do not oppose their Motion. Docket No. 21, p. 3. Further, the Court finds, pursuant to Fed. R. Civ. P. 42, that consolidation is appropriate because these cases share common factual and legal issues. The Court also finds that consolidation will avoid unnecessary expenditure of the Parties' and the Court's resources on duplicative efforts.

3

Accordingly, the Court will **CONSOLIDATE** these actions, which will henceforth proceed under the caption and case number of the lead case, 3:17-cv-01472. All filings shall be made accordingly.

## B. Lead Plaintiff

There is no requirement that a court appoint lead plaintiff (or lead counsel) in a shareholder derivative action. Such actions are governed by Fed. R. Civ. P. 23.1, which provides that a plaintiff must "fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." In instances when a lead plaintiff has been chosen, courts have considered several factors, including: "(1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to unique defenses that would make appointment problematic." *Horn*, 227 F.R.D. at 3, *citing Millman v. Brinkley*, 2004 U.S. Dist. LEXIS 20113 (N.D. Ga. Oct. 1, 2004).

As will be further discussed below, all three Plaintiffs appear to be represented by capable counsel, and no Plaintiff has identified, nor has the Court discovered, any unique defenses that would make appointment of any of the three problematic. As to the first factor, all Plaintiffs have alleged that they are current Envision shareholders and have continuously held such stock at all relevant times. Thus, the Court finds that each of the proposed lead plaintiffs is qualified to be appointed as lead plaintiff, and the choice of lead plaintiff will turn instead on the appointment of lead counsel, discussed below.

## C. Lead Counsel and Liaison Counsel

In complex cases, the Court may, in its discretion, establish a leadership structure to facilitate and coordinate the prosecution of the litigation. *See, e.g., In re Bendectin Litigation*,

857 F.2d 290, 297 (6th Cir. 1988), *cert. denied*, 488 U.S. 1006, 109 S. Ct. 788. "In selecting lead counsel, the principle that guides the Court's decision is which counsel will best serve the interest of the plaintiffs." *Flynn v. Miller Energy Res.*, Case No. 3:11-CV-412, 2012 U.S. Dist. LEXIS 88184 at *7-*8 (E.D. Tenn. June 26, 2012), *quoting Horn*, 227 F.R.D. at 3 (internal quotation marks and citation omitted).

All of the firms seeking appointment in this case have impressive credentials and extensive experience litigating cases of this nature. The Court has no doubt that each proposed firm is competent to serve the best interests of the Plaintiffs. All of the Complaints and other pleadings filed in the three matters are of a high quality and indicate that all counsel have engaged in extensive investigation into the facts and claims alleged on behalf of Envision. The Court finds, however, that Mr. Surrone and Mr. Sevy have proposed a more efficient and effective leadership structure. Their respective counsel, Robbins Arroyo and Johnson Fistel, appear to have been working together and with Defendants to facilitate the progress of this matter. The Court is not eager to upset this joint effort by either severing it or by adopting a structure where all three Plaintiffs serve as lead, along with their counsel, as Mr. Nourani proposes. Further, Robbins Arroyo and Johnson Fistel have both had experience serving as lead counsel in similar cases in Tennessee. Thus, the Court finds that the interests of the Plaintiffs in this matter will be best served by the appointment of the firms of Robbins Arroyo and Johnson Fistel.

### III. CONCLUSION

For the foregoing reasons, these cases are **CONSOLIDATED** and will proceed under the caption and case number of the lead case, 3:17-cv-01472. All filings shall be made accordingly. Robbins Arroyo and Johnson Fistel are appointed co-lead counsel. The Nashville firm of

Davies, Humphreys, Horton & Reese is appointed liaison counsel. Mr. Purrone's and Mr. Sevy's Motion to Consolidate Related Derivative Actions and Appoint Lead Counsel (Docket No. 21) is **GRANTED**.[2] Mr. Nourani's Cross-Motion of Sam Nourani's Appointment as Lead Plaintiff and Appointment of Lead and Liaison Counsel (Docket No. 11) is **DENIED**.[3]

IT IS SO ORDERED.

_____
Jeffery S. Frensley
United States Magistrate Judge

---

[2] This document is identical to Docket No. 21 in 3:17-cv-01550 and Docket No. 9 in 3:17-cv-01570.

[3] This document is identical to Docket No. 11 in 3:17-cv-01570.